IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY STEINMETZ, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEAVEX INCORPORATED and MARK TUCHMANN,<br><br>Defendants, | Civil Action No. 1:10-cv-12184 |

## JOINT STIPULATION AND MOTION FOR ORDER REMANDING ACTION TO STATE COURT

All Parties to this action stipulate and respectfully request that the Court remand this action to the Middlesex County Superior Court. Specifically, the Parties stipulate as follows:

1. On October 29, 2010, Jay Steinmetz ("Plaintiff" or "Steinmetz") commenced a civil action against Defendants BeavEx Incorporated ("BeavEx") and Mark Tuchmann ("Tuchmann") (collectively "Defendants") in Middlesex County Superior Court, Dkt. No. 10-4168. *See generally* Complaint, Dkt. # 1.

2. In his Complaint, Plaintiff alleged that Defendants misclassified its courier drivers as independent contractors in violation of M.G.L. ch. 149, § 148B. There are no federal claims alleged in the Complaint. Plaintiff brought the action on behalf of himself and the following putative class:

> All persons who have entered an Independent Contractor Services Agreement with BeavEx and who drove or who currently drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences in the State of Massachusetts at any time during the relevant statutory period (the "Class").

3. As a remedy for the alleged legal violations in his Complaint, Plaintiff sought restitution for wages, overtime and other benefits, reimbursement for expenses incurred, as well as mandatory statutory trebling of all wage-related damages and attorneys' fees under Mass Gen. Laws ch. 149 § 150. Plaintiff also sought injunctive relief.

4. Defendants were served with the Summons and Complaint on or about November 24, 2010.

5. Defendants removed the action to this Court on December 17, 2010, pursuant to 28 U.S.C. § 1446, asserting that this Court has diversity jurisdiction of the Complaint pursuant to 28 U.S.C. § 1332, and alleged that "[d]ue to the size of the putative class Plaintiff purports to represent, the relief sought and potentially to be recovered, and the attorneys' fees likely to be generated in a class action of this magnitude, there is more than a reasonable probability that the amount in controversy exceeds $75,000.00 per individual claimant and $5,000,000.00 for the putative class." (Dkt. No. 1 at ¶¶ 3, 7.)

6. The parties have differing positions regarding the appropriateness of Defendants' removal of this action to federal court. While Defendants believe the removal was appropriate for the reasons stated in their Notice of Removal, Plaintiff disputes that Defendants' removal was proper and provided notice to Defendants of his intent to file a motion for remand asserting that this Court does not have subject-matter jurisdiction over the claim. However, before a motion for remand was filed, the Parties met and conferred and ultimately filed a joint stipulation to stay the proceedings for the purpose of conducting mediation and settlement discussions, which the Court granted. (*See* Dkt. # 9; Dkt. # 12.)

7. After jointly stipulating to stay the proceedings for the purpose of conducting mediation and settlement discussions, the Parties participated in a first day of mediation in

Boston, Massachusetts with Mark Irvings serving as the mediator on Tuesday, April 26, 2011, and a second day of mediation on August 10, 2011.

8. At the conclusion of the second day of mediation, the parties entered into a Memorandum of Understanding setting forth an agreement in principal to settle this action, as well as a separate and independent action against Defendants then pending in the U.S. District Court for the Northern District of Georgia (the "Georgia Action"). The Parties then worked together to negotiate and finalize the terms of settlement for the Georgia Action. The settlement of the Georgia Action was ultimately approved by the federal court presiding over the same, and the action was dismissed and closed on October 31, 2011.

9. Since that time, the parties have worked to prepare and finalize a comprehensive class action settlement agreement memorializing all terms of their agreement to settle this action. These negotiations have been extensive and the parties have worked diligently over the last several months to address various concerns about the terms of settlement, which are extensive, and how those terms should be addressed in the settlement agreement. The parties' comprehensive settlement agreement was finalized on February 29, 2012.

10. As part of their agreement to settle this action, recognizing that the parties dispute whether the Class Action Fairness Act federal jurisdictional threshold is met, for purposes of settlement administration the Parties agreed to stipulate to a remand of the action to Middlesex County Superior Court.

11. The parties previously informed the Court of their intent to seek remand of the action to the Middlesex County Superior Court in their Joint Status Report filed with the Court on August 22, 2010. *See* Dkt. # 18.

12. For settlement purposes, the parties agree that remand is appropriate because all claims arise solely under Massachusetts state law and the parties have a dispute as to whether removal of this action to federal court was proper. Accordingly, the Parties respectfully request that the Court enter an order remanding this action to the Middlesex County Superior Court for final proceedings necessary to conclude this case which arises solely under Massachusetts law. For the Court's convenience, a proposed order of remand is attached hereto as Exhibit A.

WHEREFORE, the Parties respectfully request that this Court enter an order remanding this case to Middlesex County Superior Court for the remaining proceedings.

SO STIPULATED this 29th day of February, 2012.

| | |
|---|---|
| s/Harold L. Lichten | s/Kevin M. Duddlesten |
| Harold L. Lichten | Kevin M. Duddlesten |
| Ian O. Russell | LITTLER MENDELSON |
| LICHTEN & LISS-RIORDAN, P.C. | A Professional Corporation |
| 100 Cambridge Street | One International Place |
| 20th Floor | Suite 2700 |
| Boston, MA 02114 | Boston, MA 02110 |
| 617-994-5800 | 617-378-6016 |
| hlichten@llrlaw.com | Fax: 617-737-0052 |
| | kduddlesten@littler.com |
| | |
| Sherrie R. Savett (*pro hac vice*) | |
| Shanon J. Carson (*pro hac vice*) | *Attorneys for Defendants* |
| Sarah R. Schalman-Bergen (*pro hac vice*) | |
| BERGER & MONTAGUE, P.C. | |
| 1622 Locust Street | |
| Philadelphia, PA 19103 | |
| 215.875.4656 | |
| ssavett@bm.net | |
| scarson@bm.net | |

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY STEINMETZ, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEAVEX INCORPORATED and MARK TUCHMANN,<br><br>Defendants, | Civil Action No. 10-12184 |

## **[PROPOSED] ORDER REMANDING ACTION TO STATE COURT**

The Court has reviewed the parties' Joint Stipulation and Motion for Order Remanding Action to State Court. Based on the parties' stipulation, this matter is hereby remanded to the Superior Court of Middlesex County. IT IS SO ORDERED.

Dated this \_\_\_\_ day of _____, 2012.

_____.
George A. O'Toole, Jr.
United States District Court Judge